UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM F. BROWN, JR.,<br><br>  Plaintiff,<br><br>v.<br><br>TEAMSTERS, CHAUFFEURS,<br>WAREHOUSEMEN AND HELPERS<br>LOCAL UNION 631, et al.,<br><br>  Defendants. | 2:11-CV-1886 JCM (CWH) |

**ORDER**

Presently before the court is plaintiff William Brown, Jr.'s motion for preliminary injunction. (Doc. #4). Defendants Teamsters, Chauffeurs, Warehousemen and Helpers Local Union No. 631, et. al. filed an opposition. (Doc. #7). This case was reassigned to this court on December 15, 2011. (Doc. #9).

This lawsuit arises out of a disputed union election running from on or about December 5, 2011, and ending on December 21 or 23, 2011.[1] (Docs. #4 and #7). On November 7, 2011, plaintiff accepted a nomination to run for the secretary-yreasurer position. (Doc. #1). Two days later, plaintiff received a letter from incumbent secretary-treasurer John Pillipenas stating that plaintiff could not run in the election because he failed to meet the "actively employed at the craft" eligibility requirement. (Doc. #1). Plaintiff appealed the ineligibility ruling to the International Brotherhood

---

[1] The parties dispute the end date for the election. (*See* Docs. #4 and #7).

**James C. Mahan**
**U.S. District Judge**

1   of Teamsters. (Doc. #1). This appeal was denied. (Doc. #1). On November 22, 2011, plaintiff
2   filed the instant lawsuit seeking to enjoin the election until his name is placed on the ballot. (Doc.
3   #1).

4       The American Arbitration Association ("AAA"), the organization running the union election,
5   sent out initial ballots on November 23, 2011. However, these ballots mistakenly did not include
6   a postage paid return envelope. On or about December 5, 2011, the AAA sent out new ballots with
7   a postage paid return envelope. Plaintiff did not file the instant motion for preliminary injunction
8   until December 6, 2011. (Doc. #4).

9       Plaintiff's complaint asserts violations of Title I of the Labor-Management Relations and
10  Disclosure Act ("LMRDA"), 29 U.S.C. §§ 411-415. (Doc. #1). In their opposition to the motion
11  for preliminary injunction, defendants argue that the current dispute is governed by Title IV of the
12  LMRDA, 29 U.S.C. §§ 481-483, and that this court does not have jurisdiction to grant the relief
13  plaintiff seeks. (Doc. #7).

14  **Discussion**

15      Before ruling on plaintiff's motion for preliminary injunction, this court first must find that
16  it has subject matter jurisdiction. FED. R. CIV. P. 12(h)(3); *see also Augustine v. United States*, 704
17  F.2d 1074, 1077 (9th Cir. 1983) (stating that "the court is under a continuing duty to dismiss an
18  action whenever it appears that the court lacks jurisdiction").

19      Title I of the LMRDA "provides a statutory 'Bill of Rights' for union members, including
20  various protections for members involved in union elections, with enforcement and appropriate
21  remedies available in district court." *Local No. 82, Furniture and Piano Moving, Furniture Store*
22  *Drivers, Helpers, Warehousemen and Packers v. Crowley*, 467 U.S. 526, 528 (1984). Title IV, in
23  contrast, "provides an elaborate postelection procedure aimed solely at protecting union democracy
24  through free and democratic elections . . . ." *Id.* Filing an administrative complaint with the
25  Secretary of Labor "is the exclusive means of resolving disputes governed by Title IV." *Casumpang*
26  *v. International Longshoremen's and Warehousemen's Union, Local 142*, 269 F.3d 1042, 1056 (9th
27  Cir. 2001) (citing 29 U.S.C. § 481(e)).

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

In *Crowley*, the United States Supreme Court held that a district court may grant "appropriate" relief under Title I of the LMRDA. *Crowley*, 467 U.S. at 546. However, "appropriate Title I relief during the course of a union election does not include the invalidation of an ongoing election or court supervision of a new election." *Id.* at 547. In contrast, appropriate relief is a remedy that does not "substantially delay[] or invalidat[e] an ongoing election." *Id.* at 546. Thus, "[i]f the remedy sought is invalidation of the election already being conducted with court supervision of a new election, the union members must utilize the remedies provided by Title IV." *Id.* at 550.

Plaintiff did not file the instant motion for preliminary injunction until well after the initial November 23, 2011, election start date. Indeed, plaintiff did not file this motion until after the AAA distributed new ballots on December 5, 2011. Thus, plaintiff seeks to enjoin an ongoing election. Plaintiff now asks the court to "find that [p]laintiff is eligible and allow [p]laintiff to run for office buy (sic) an [o]rder to has (sic) his name put back on the ballot prior to the final election count date" or "restrain[] and enjoin[] [defendants] from conducting the election of officers for Local 631." (Doc. #4; *See also* Doc. #1).

The requested relief is not an "appropriate remedy" for a Title I suit during the course of an ongoing election. *See Crowley*, 467 U.S. at 546. If the court granted plaintiff the relief he desires, the court would necessarily have to "substantially delay[] or invalidat[e]" an ongoing election. *Id.* Plaintiff is, therefore, limited to Title IV administrative remedies. *Id.* at 550.

Further, because filing an administrative complaint with the Secretary of Labor is the "exclusive means" of resolving Title IV disputes, *Casumpang*, 269 F.3d at 1056, this court does not have subject matter jurisdiction to hear plaintiff's claims. *See, e.g.*, *Bradley v. American Postal Workers Union, AFL-CIO*, 962 F.2d 800, 802 (8th Cir. 1992).

Accordingly,

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the matter of *Brown v. Teamsters, Chauffeurs, Warehousemen and Helpers Local Union No. 631, et. al.*, case number 2:11-cv-01886-JCM-CWH be, and the same hereby is, DISMISSED for lack of subject matter jurisdiction.

DATED December 20, 2011.

_____
**UNITED STATES DISTRICT JUDGE**